# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSHUA McCUTCHEON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. CIV-19-1006-C |
| v. | ) |
| | ) |
| CF INDUSTRIES, LLC, a foreign corporation; | ) |
| CF INDUSTRIES NITROGEN, LLC a | ) |
| foreign limited liability corporation; and | ) |
| TERRA INTERNATIONAL (Oklahoma), | ) |
| LLC, a foreign limited liability company, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action in the District Court of Woodward County, Oklahoma, on October 3, 2019. That Petition did not include a demand for jury trial on its face. On October 15, 2019, Plaintiff filed an Amended Petition. That Amended Petition did not include a demand for jury trial. Defendants removed the action to this Court on November 1, 2019. In their removal, Defendants did not request a jury trial. Thus, pursuant to LCvR81.1, Plaintiff had 14 days to request a jury trial or trial by jury is waived. Plaintiff did not meet that deadline. On November 19, 2019, Plaintiff filed a "Motion to File Request for Jury Trial Out of Time Pursuant to Federal Rule 38." This chain of events has now resulted in the parties filing seven separate documents seeking to resolve whether this matter will be resolved by the Court or by a jury. The right to a

> "trial by jury is a vital and cherished right, integral in our judicial system. * * *" City of Morgantown, W. Va. v. Royal Insurance Co., 337 U.S. 254, 258, 69 S.Ct. 1067, 1069, 93 L.Ed. 1347. And, "* * * as the right of jury trial is fundamental, courts indulge every reasonable presumption against

waiver. * * *" Aetna Insurance Co. v. Kennedy, 301 U.S. 389, 393, 57 S.Ct. 809, 811, 81 L.Ed. 1177.

Christenson v. Diversified Builders Inc., 331 F.2d 992, 994 (10th Cir. 1964). In his request to file a jury demand out of time, Plaintiff notes that he was out of the office ill until November 12, 2019, and recognized that his demand had to be filed by November 15, 2019. Plaintiff asserts that he attempted to file the demand on that day but was unable to accomplish that task via CM/ECF. Plaintiff ultimately filed his Motion to File Request for Jury Trial Out of Time Pursuant to Federal Rule 38 on November 19, 2019. Defendants object to that Motion.

Defendants' objection to the request for jury trial notes no prejudice from the delay. Indeed, it would be hard to find any prejudice as Defendants had not filed an Answer prior to Plaintiff's filings noted above. Rather, Defendants' position is based on a hardline approach to the Rules. The Court finds, given the facts of this case, permitting Plaintiff to demand a jury trial is the appropriate course. The omission was corrected early in the litigation and there is no evidence or suggestion that trying the matter to a jury as opposed to the Court will affect Defendants' ability to prepare or present their case. Accordingly, Plaintiff may include a demand for jury trial in the Amended Complaint permitted below. No other filing will be required on this issue.

On November 19, 2019, Plaintiff also filed an Amended Complaint. Defendants filed a Motion to Strike this document, arguing it was improperly filed. The Court agrees with Defendants' argument that the Amended Complaint was improperly filed, as Plaintiff

did not obtain leave of Court or the agreement of opposing counsel prior to filing the Amended Complaint.

On December 12, 2019, Plaintiff filed a Motion for Leave to Amend Complaint. That Motion set out the relevant history of Plaintiff's attempts to amend his action and correct the issues noted herein. Attached to the Motion is an Amended Complaint including a demand for jury trial and a claim for punitive damages. Defendants object, arguing that Plaintiff has failed to demonstrate that justice requires permitting Plaintiff to make either claim. Defendants also argue the claim for punitive damages lacks sufficient factual support.

The Court has previously addressed the propriety of permitting Plaintiff to make his belated jury demand. As for the punitive damages claim, when taken as a whole, the Amended Complaint provides factual allegations which, if proven, would entitle Plaintiff to submit the issue of punitive damages to the jury.

Finally, Plaintiff has filed an additional Motion to Amend Complaint to Add New Party. According to Plaintiff, in Defendants' Motion to Strike, Defendants for the first time claimed that there was no entity known as CF Industries, LLC; rather the proper entity is CF Industries, Inc. Plaintiff seeks leave to correctly name this Defendant. The Court notes the docket sheet reflects Plaintiff has obtained an alias summons for CF Industries, Inc. Although the time to respond to Plaintiff's Motion has passed, Defendants have neither responded nor sought additional time to respond. Regardless, the Court finds that Plaintiff has satisfied the requirements of Fed. R. Civ. P. 15(c) and the correction to the named Defendant should be permitted.

For the reasons set forth herein, Plaintiff's Motion to File Request for Jury Trial Out of Time Pursuant to Federal Rule 38 (Dkt. No. 8) is GRANTED; Defendants' Motion to Strike Plaintiff's Second Amended Petition (Dkt. No. 9) is GRANTED; Plaintiff's Motion for Leave to Amend Complaint (Dkt. No. 11) is GRANTED; and Plaintiff's Motion to Amend Complaint to Add New Party (Dkt. No. 16) is GRANTED. Plaintiff shall file his Amended Complaint in the form attached to his Motion (Dkt. No. 11) and naming the proper Defendants, within five days of the date of this Order.

IT IS SO ORDERED this 17th day of January, 2020.

ROBIN J. CAUTHRON
United States District Judge